UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIGHT IDAIDA FALODUN,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL G. OLSEN,<br>SANDRA L. BIEDEMUS, and<br>JOHN KIRKWOOD, et al.,<br><br>        Defendants. | Civil No. 09-2551 (JNE/SRN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a federal prison inmate, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) Plaintiff did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated October 2, 2009, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $35.58, as required by 28 U.S.C. § 1915(b)(1).

Plaintiff recently paid his initial partial filing fee, (Docket No. 4), and thus the matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A.

## I. BACKGROUND

Plaintiff is attempting to sue three named Defendants -- Michael G. Olsen, Sandra L. Biedemus, and John G. Kirkwood. The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Olsen – arresting Agent, refused to return property, FOIA.
> Biedemus – Criminal specialist, refused to return property.
> Kirkwood – Special Agent in Charge – refused to return property.
> All parties refused to respond to FOIA requests in file no. 214-813-16881.
> Others will be named as identified."

(Complaint, p. 3, § IV "State of Claim.")

In the "Relief" section of the complaint, Plaintiff indicates that he is seeking "return all property, or face (50,000,000) Fifty-Million Dollars in damages." (Id. § V.)

Plaintiff has provided no other explanation of the factual or legal bases for his claims against the named Defendants, or the nature of the judgment is seeking against them.

## II. DISCUSSION

Because Plaintiff is a prisoner who is, apparently, seeking redress from government employees, his complaint must undergo preliminary screening pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), requires federal courts to review the pleadings in every prisoner civil action against governmental entities and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a complaint must allege a set of historical

2

facts, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s) under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

The caption of Plaintiff's complaint indicates that he is seeking relief under 42 U.S.C. § 1983, which presumably means that he is attempting to bring a federal civil rights action against the named Defendants.[1] To state an actionable civil rights claim, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (to state an actionable civil rights claim, a complaint must describe what, specifically, each named defendant did, or failed to do, that allegedly violated the claimant's constitutional rights); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir.

---

[1] The Court recognizes that the "Statement of Claim" section of the complaint includes two unexplained references to FOIA, (presumably an abbreviation for "Freedom of Information Act"), but Plaintiff obviously has not pleaded an actionable FOIA claim, because all of the named Defendants are individuals, and individuals are not suable under FOIA. Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir. 1993).

3

1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same).

Here, Plaintiff has not pleaded an actionable civil rights claim because his complaint does not allege any violation of his constitutional rights. Indeed, the Court finds no reference to the federal Constitution in Plaintiff's complaint, nor does the complaint cite any other viable legal basis for Plaintiff's lawsuit. Furthermore, the complaint does not describe anything that any individual Defendant personally did, (or failed to do), that could be viewed as a violation of Plaintiff's federal constitutional rights. Indeed, the complaint alleges only that each named Defendant "refused to return property." This vague allegation, by itself, is clearly insufficient to state any actionable claim for relief under any conceivable legal theory.

## III. CONCLUSION

In sum, the Court finds that even with the benefit of liberal construction, Plaintiff's complaint fails to describe any specific acts or omissions by any of the named Defendants, which could be viewed as a violation of Plaintiff's rights under the federal Constitution, (or otherwise). Therefore, Plaintiff has failed to plead a cause of action on which relief can be granted.

Because Plaintiff has failed to plead an actionable claim for relief, the Court will recommend that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and that Plaintiff's IFP application be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for

1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same).

Here, Plaintiff has not pleaded an actionable civil rights claim because his complaint does not allege any violation of his constitutional rights. Indeed, the Court finds no reference to the federal Constitution in Plaintiff's complaint, nor does the complaint cite any other viable legal basis for Plaintiff's lawsuit. Furthermore, the complaint does not describe anything that any individual Defendant personally did, (or failed to do), that could be viewed as a violation of Plaintiff's federal constitutional rights. Indeed, the complaint alleges only that each named Defendant "refused to return property." This vague allegation, by itself, is clearly insufficient to state any actionable claim for relief under any conceivable legal theory.

## III. CONCLUSION

In sum, the Court finds that even with the benefit of liberal construction, Plaintiff's complaint fails to describe any specific acts or omissions by any of the named Defendants, which could be viewed as a violation of Plaintiff's rights under the federal Constitution, (or otherwise). Therefore, Plaintiff has failed to plead a cause of action on which relief can be granted.

Because Plaintiff has failed to plead an actionable claim for relief, the Court will recommend that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and that Plaintiff's IFP application be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for

the unpaid balance of the $350 filing fee.[2]  To date, he has paid only $35.58, so he still owes $314.42.  Prison officials will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).  Finally, the Court will recommend that the dismissal of this action count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV. RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2.  This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $314.42, in accordance with 28 U.S.C. § 1915(b)(2); and

4.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: November 17, 2009       s/ Susan Richard Nelson
    SUSAN RICHARD NELSON
    United States Magistrate Judge

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 2, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.